IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-148

LAURIE MARTIN,

    Plaintiff,

v.

TARGET CORPORATION and GLOBAL BUILDING SERVICES, INC.

    Defendants

## NOTICE OF REMOVAL BY GLOBAL BUILDING SERVICES, INC.

Defendant Global Building Services, Inc., through counsel, Megan A. Jones of the Law Offices of Suzana Skrabo, pursuant to 28 U.S.C.A. § 1446, hereby removes this action from the District Court of the City and County of Denver based upon the following grounds:

1. This action was filed in the Denver County District Court, Case No. 2021CV33806 and is now pending in that court. The Summons and Complaint was served on Defendant Global Services, Inc. on December 20, 2021. (See Waiver of Service attached hereto as **Exhibit A** and Complaint, attached hereto as **Exhibit B**).

2. This Court has jurisdiction over this action under 28 U.S.C. § 1332 and is removable under 28 U.S.C. § 1441(b) because this is a civil action between citizens of different states and Plaintiff alleges the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Laurie Martin is an individual who is a resident of the State of Colorado, residing at 1031 Deer Clover Way, Castle Rock, CO 80108. Defendant Global

Building Services, Inc. is a citizen of California with its corporate principal place of business at 27433 Tourney Road, Ste, 280, Valencia, California 91355. Defendant Target Corporation is a citizen of Minnesota with its corporate principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403. No change of citizenship of the parties has occurred since the commencement of this action.

3. Removal is appropriate here because there is complete diversity between the parties. At all relevant times, Plaintiff has been a citizen of the State of Colorado. (**Exhibit B**, ¶ 1).

4. A copy of the Civil Case Cover Sheet as filed by Plaintiff reflects the representation that Plaintiff seeks a monetary judgment in excess of $100,000. (**Exhibit C**).

5. This case arises from Plaintiff's alleged fall at a Target store located at 15700 E. Briarwood Circle in Aurora, Colorado. Plaintiff alleges personal injuries as a result of the fall. (**Exhibit B**).

6. According to the Complaint, Plaintiff "incurred serious injuries," including a surgery. (**Exhibit B**, ¶ 19). Plaintiff asserts damages in the form of economic and non-economic damages, including permanent impairment and disfigurement. (**Exhibit B**, ¶¶ 20-22).

7. When the Complaint itself does not set forth the specific amount of damages, the defendant must establish the amount in controversy by a preponderance of the evidence. *WBS Connect, LLC v. One Step Consulting, Inc.* L4269871, 2-3 (D.Colo. 2007). Defendant must set forth in the notice of removal the underlying facts that demonstrate that the amount in controversy is great than $75,000. *Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995).

Documentation in addition to the Complaint may form the basis for jurisdiction. *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008).

8. Plaintiff's Civil Case Cover Sheet indicates that she seeks a monetary judgment of more than $100,000.00 against another party, including attorney fees, penalties, and punitive damages. (**Exhibit C**). The Tenth Circuit has held that the District Court Civil Case Cover Sheet is sufficient to give notice that the amount in controversy exceeds $75,000. *Paros Properties LLC v. Colorado Cas. Ins. Co.*, No. 15-1369, 2016 WL 4502286, at *6 (10th Cir. Aug. 29, 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the court on a matter of significant consequence in the state proceeding (whether or not simplified procedures will apply).")

9. Once the facts have been established, uncertainty about whether Plaintiff can prove her substantive claim, and whether damages (if Plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. Only if is "legally certain" that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendants) will be less than the jurisdictional floor, may the case be dismissed. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006)).

10. Jurisdiction of the Court is properly based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

11. Pursuant to 28 U.S.C. § 1441(a), this Court is the appropriate court for filing Notice of Removal from the District Court of Denver County, Colorado, where the case is currently pending.

12. The State Court case is one which may be removed by Defendant pursuant to 28 U.S.C. § 1441(a).

13. This Notice of Removal is filed within thirty (30) days of service of the Complaint on Defendant Global Building Services on December 20, 2021 and is timely under 28 U.S.C. § 1446(b)(1).

14. Pursuant to D.C.Colo.LCIVR 81.1, the undersigned certifies that as of the date of this filing, no hearing has been set in the State Court case.

15. Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCIVR 81.1, this Notice of Removal has been sent to all other parties in this action and has been filed with the State Court clerk's office. Within fourteen days of the filing of this Notice of Removal, Defendant Global Building Services will file a current state court docket sheet (register of actions) and will separately file any pending motion, petition, and related response, reply and brief. Copies of the state court Complaint, Civil Case Cover Sheet and any Answers or Returns of Service, or orders served upon Defendant are submitted contemporaneously with this Notice pursuant to 28 U.S.C. § 1446(a) as **Exhibits B** and **C**.

WHEREFORE, Defendant Global Building Services respectfully gives Notice that this case should be removed from Denver District Court to the United States District Court of Colorado.

Respectfully submitted this 19th day of January, 2022.

   *s/ Megan A. Jones*
Megan A. Jones, Atty. Reg. #40197
Law Offices of Suzana Skrabo
Mailing Address: P.O. Box 7218
London, KY 40742
Telephone: (720) 340-0606
FAX: (603) 559-0408
E-mail: MeganA.Jones@LibertyMutual.com
Attorney for Defendant Global Building Services, Inc.

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I certify that on this 19th day of January, 2022, a true and correct copy of the foregoing **NOTICE OF REMOVAL BY GLOBAL BUILDING SERVICES, INC.** was electronically filed with the Clerk of Court using the CM/ECF system and to the following e-mail addresses:

andy@prughlawfirm.com
wally@prughlawfirm.com
luann@ottjilot.com

   *s/ Megan A. Jones*
Megan A. Jones, Atty. Reg. #40197
Law Offices of Suzana Skrabo
Mailing Address: P.O. Box 7218
London, KY 40742
Telephone: (720) 340-0606
FAX: (603) 559-0408
E-mail: MeganA.Jones@LibertyMutual.com
Attorney for Defendant Global Building Services, Inc.