# EXHIBIT B

| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER<br>STATE OF COLORADO<br>Court Address:<br>Denver City & County Building<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: November 30, 2021 4:44 PM<br>FILING ID: 3EBD44CBD7F33<br>CASE NUMBER: 2021CV33806<br><br>∆ COURT USE ONLY ∆ |
| Plaintiff:<br><br>   LAURIE MARTIN<br><br>Defendants:<br><br>   **TARGET CORPORATION,**<br>      a Minnesota corporation;<br><br>   **GLOBAL BUILDING SERVICES, INC.,**<br>      a California corporation | Case No.<br><br><br><br><br><br> |
| PRUGH LAW FIRM, LLC<br>Andrew G. McFadden V, #48286<br>Wallace D. Prugh, #10654<br>598 S. Gilpin St.<br>Denver, Colorado 80209<br>Phone: 303-809-9238<br>Email: andy@prughlawfirm.com<br>         wally@prughlawfirm.com<br><br>LuANN OTT JILOT, P.C.<br>LuAnn Ott Jilot, #15629<br>598 S. Gilpin St.<br>Denver, Colorado 80209<br>Phone: 303-778-1868<br>Email: luann@ottjilot.com | Division:<br><br><br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff LAURIE MARTIN, by and through her attorneys, Prugh Law Firm, LLC and LuAnn Ott Jilot, P.C., files her Complaint and states:

## GENERAL ALLEGATIONS

1. Plaintiff is a resident of the state of Colorado.

2. On or about December 6, 2019, the Plaintiff, LAURIE MARTIN ("MS. MARTIN") slipped and fell and was injured inside the Target store located at 15700 E. Briarwood Circle., Aurora, CO 80016, (the "PREMISES").

3. Defendant TARGET CORPORATION ("Defendant TARGET") is a Minnesota corporation doing business in Colorado that owns the PREMISES.

4. Defendant GLOBAL BUILDING SERVICES, INC. ("Defendant GLOBAL") is a California corporation doing business in the State of Colorado.

5. On December 6, 2019, Defendant GLOBAL had a contract with Defendant TARGET to provide floor maintenance services at the PREMISES.

6. At all times relevant, Defendant GLOBAL was the agent of Defendant TARGET, and Defendant TARGET was the principal of Defendant GLOBAL.

7. Prior to December 6, 2019, Defendant GLOBAL provided floor cleaning and waxing services at the PREMISES at the direction of Defendant TARGET and its agents.

8. MS. MARTIN was injured when she slipped on a slippery floor that both Defendant TARGET and GLOBAL knew, or should have known, was a dangerous condition.

9. Venue is proper in the District Court of the City and County of Denver pursuant to C.R.C.P. 98(c)(1):

> "[I]f the defendant is a nonresident of this state, the same may be tried in any county in which the defendant may be found in this state, or in the county designated in the complaint[.]"

## FIRST CLAIM FOR RELIEF
### (For Premises Liability Against Both Defendants)

10. Plaintiff hereby incorporates the allegations of all previous paragraphs.

11. MS. MARTIN was an "invitee" of the PREMISES pursuant to C.R.S. § 13-21-115.

12. On December 6, 2019, MS. MARTIN visited the Target store at the PREMISES to shop and purchase household items.

13. At all times relevant, Defendant TARGET was a "landowner" of the PREMISES pursuant to C.R.S. § 13-21-115.

14. Defendant TARGET owns the property as well as the Target store located at the PREMISES.

15. At all times relevant, Defendant GLOBAL was a "landowner" of the PREMISES pursuant to C.R.S. § 13-21-115.

16. Defendant GLOBAL had control of the cleaning and waxing of the PREMISES floor through express authorization of their contractual agreement with Defendant TARGET and the actual services provided pursuant to that agreement.

17. Pursuant to C.R.S. § 13-21-115, Defendant TARGET and Defendant GLOBAL each owed a duty to invitees, including MS. MARTIN, to exercise reasonable care to protect against dangers on the PREMISES of which each actually knew or should have known.

18. Defendants Defendant TARGET and Defendant GLOBAL each breached their duties owed to Plaintiff under C.R.S. § 13-21-115 by unreasonably failing to exercise reasonable care to protect MS. MARTIN against dangers on the PREMISES of which Defendants actually knew or should have known, in one or more of, but not limited to, the following ways:

    a) By failure to provide for a reasonably safe floor for customers to walk on;

    b) By failing to maintain the floors inside the PREMISES in a reasonably safe condition;

    c) By allowing dangerously slippery floor conditions in the PREMISES;

    d) By failing to have proper and adequate warning signs of slippery floor conditions inside the PREMISES;

    e) By failing to respond to complaints about other reports on December 6, 2019, of customers slipping on the floor of the PREMISES;

   f) By having a faulty exit scanner that sounded a false alarm, causing customers, including MS. MARTIN, to have to return inside the PREMISES and go to the customer service counter to be cleared to exit.

  19. As a direct and proximate result of Defendants' actions or inactions, MS. MARTIN slipped on the floor of the PREMISES and incurred serious injuries, including a shoulder injury that required surgery.

  20. As a further direct and proximate result of Defendants' actions or inactions, MS. MARTIN has suffered economic damages, including, but not limited to past and future medical bills, loss of income, potential loss of future income or earning capacity, and other economic damages.

  21. As a further direct and proximate result of Defendants' actions or inactions, MS. MARTIN has suffered non-economic damages including, but not limited to, pain and suffering, and emotional distress of the type typically associated with the type of physical injuries she suffered.

  22. As a further direct and proximate result of the Defendants' actions or inactions, MS. MARTIN has suffered damages for physical impairment and disfigurement.

**SECOND CLAIM FOR RELIEF**
<u>(In the Alternative,
For Negligence Against Both Defendants</u>)

  23. Plaintiff hereby incorporates the allegations of all previous paragraphs.

  24. Defendants TARGET and GLOBAL both owed duties to MS. MARTIN to exercise reasonable care to protect MS. MARTIN against dangers at the Target store, including dangerously slippery surfaces.

  25. Defendants TARGET and GLOBAL breached those owed duties to MS. MARTIN to exercise reasonable care to protect MS. MARTIN against dangers at the Target store, in one or more of, but not limited to, the following ways:

   a)  By failure to provide for a reasonably safe floor for customers to walk on;

   b)  By failing to maintain the floors inside the PREMISES in a reasonably safe condition;

   c) By allowing a dangerously slippery floor conditions in the PREMISES;

   d) By failing to have proper and adequate warning signs of slippery floor conditions inside the PREMISES;

   e) By failing to respond to complaints about other reports on December 6, 2019, of customers slipping on the floor of the PREMISES;

   f) By having a faulty exit scanner that sounded a false alarm, causing customers, including MS. MARTIN, to have to return inside the PREMISES and go to the customer service counter to be cleared to exit.

  26. As a direct and proximate result of the Defendants' actions or inactions, MS. MARTIN slipped on the floor of the PREMISES and incurred serious injuries, including a shoulder injury that required surgery.

  27. As a further direct and proximate result of the Defendants' actions or inactions, MS. MARTIN has suffered economic damages, including, but not limited to past and future medical bills, loss of income, potential loss of future income or earning capacity, and other economic damages.

  28. As a further direct and proximate result of the Defendants' actions or inactions, MS. MARTIN has suffered non-economic damages including, but not limited to, pain and suffering, and emotional distress of the type typically associated with the type of physical injuries she suffered.

  29. As a further direct and proximate result of the Defendants' actions or inactions, MS. MARTIN has suffered damages for physical impairment and disfigurement.

  WHEREFORE, Plaintiff LAURIE MARTIN seeks judgment against Defendants TARGET AND GLOBAL for premises liability and in the alternative, negligence, and seeks economic damages, non-economic damages, damages for physical impairment and disfigurement, other special damages that may be identified prior to trial, costs, expert witness fees, pre-judgment and post-judgment interest as provided by law, and such other relief as this court shall deem necessary and proper.

**PLAINTIFF HEREBY MAKES DEMAND FOR A TRIAL TO A JURY OF SIX ON ALL ISSUES HEREIN.**

<u>Plaintiff's Address:</u>
1031 Deer Clover Way
Castle Rock, CO  80108

Respectfully Submitted,

PRUGH LAW FIRM, LLC

*/s/ Wallace Prugh*

_____

Wallace D. Prugh
ATTORNEYS FOR PLAINTIFF


LuANN OTT JILOT, P.C.

*/s/ LuAnn Ott Jilot*

_____

LuAnn Ott Jilot
ATTORNEYS FOR PLAINTIFF